# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued October 7, 2011       Decided November 18, 2011

No. 10-1344

ENVIRONMENTEL, LLC,
PETITIONER

v.

FEDERAL COMMUNICATIONS COMMISSION,
RESPONDENT

On Petition for Review of an Order of
the Federal Communications Commission

*Tamir Damari* argued the cause and filed the briefs for petitioner.

*Maureen K. Flood*, Counsel, Federal Communications Commission, argued the cause for respondent. With her on the brief were *Austin C. Schlick*, General Counsel, *Peter Karanjia*, Deputy General Counsel, and *Richard K. Welch*, Acting Associate General Counsel. *Daniel M. Armstrong III*, Associate General Counsel, entered an appearance.

Before: SENTELLE, *Chief Judge*, WILLIAMS and RANDOLPH, *Senior Circuit Judges*.

Opinion for the Court filed by *Chief Judge* SENTELLE.

SENTELLE, *Chief Judge*: Environmentel, LLC, appeals a licensing order of the Federal Communications Commission ("FCC" or "the Commission"). The Commission's Order affirmed a decision of the Wireless Telecommunications Bureau ("Wireless Bureau") denying reconsideration of licensing actions taken by the Wireless Bureau's Mobility Division. The Mobility Division granted Thomas Kurian's request to withdraw a radio spectrum assignment application and dismissed Environmentel's notification of consummation of that same assignment. Environmentel argues the FCC's Order should be reversed because the FCC and Kurian engaged in unlawful *ex parte* communications; the FCC failed to give proper public notice of its decision to grant Kurian's withdrawal request; and the FCC acted arbitrarily and capriciously in rendering the Order.

We affirm the FCC. Environmentel waived its *ex parte* and public notice arguments, and the FCC acted neither arbitrarily nor capriciously in rendering its Order affirming the Wireless Bureau's order.

## I. Background

In September 2004, Thomas Kurian bid on, and acquired, a license to provide Automated Maritime Telecommunications System ("AMTS") service, a radio spectrum primarily used to facilitate wireless radio communications between tugs, barges, and other vessels on the waterways. In June 2005, Kurian applied to the FCC for consent to assign a portion of that spectrum to Environmentel (at that time known as "AMTS Consortium, LLC" or "ACL"). The Wireless Bureau consented to the application. Kurian's ex-wife opposed the assignment in administrative litigation procedures, which, although she

ultimately was unsuccessful, caused the Wireless Bureau's Mobility Division to grant requests for extensions of time until November 10, 2007, to consummate the assignment.

On October 12, 2007, Kurian filed an FCC Form 603 request seeking FCC approval to withdraw his assignment application. The Mobility Division processed his request on October 18, 2007, and the assignment application then was listed in the FCC's online Universal Licensing System ("ULS") as "withdrawn."

Environmentel stated to the FCC that it first learned of the withdrawal request via an October 17, 2007, e-mail between the FCC and Environmentel's president, Warren Havens. In that e-mail, the FCC stated, "[A] request was filed in ULS last week to withdraw application 0002198858 to assign WQCP809 from Thomas Kurian to ACL. Is the withdrawal request legitimate?" Havens responded that same day that Environmentel had not received any information about the withdrawal request and it intended to file a notification of consummation "soon" because the assignment agreement already had been entirely satisfied. The FCC replied that it was investigating the matter and noted that Kurian's ex-wife had Kurian's ULS password. The FCC confirmed later that day that Kurian himself had filed the withdrawal.

The next day, October 18, 2007, the FCC processed Kurian's withdrawal application. That same day, at 4:54 p.m., Environmentel filed a notification of consummation via e-mail, representing that the consummation had occurred on October 10, 2007. The Mobility Division dismissed Environmentel's notification of consummation on the grounds that it already had granted Kurian's request to withdraw the assignment application, and, therefore, there no longer was an approved assignment to consummate. *See In re Kurian*, 24 FCC Rcd.

4849, 4850 (Wireless Bureau 2009).

Environmentel then filed two petitions for reconsideration with the Wireless Bureau, the first, to reconsider the Mobility Division's decision to grant Kurian's request to withdraw the assignment application, and the second, to reconsider the Mobility Division's dismissal of Environmentel's notification of consummation. The Wireless Bureau denied both petitions, concluding that Environmentel's grievance was "in the nature of a private contractual dispute of the sort that the Commission does not attempt to adjudicate" and that Environmentel "must instead seek redress from a court of competent jurisdiction." *Id*. Environmentel filed an application for FCC review of the Wireless Bureau's denial of the petitions, which the Commission denied. *In re Kurian*, 25 FCC Rcd. 13863 (2010) ("FCC Order"). This appeal followed.

## II. Analysis

Environmentel offers three reasons why this Court should reverse the FCC Order. First, Environmentel argues that the FCC and Kurian engaged in an unlawful *ex parte* communication because Environmentel was not officially informed of Kurian's assignment withdrawal request. Second, Environmentel argues that the FCC failed to give timely public notice of its decision to grant the withdrawal request. Third, Environmentel contends the Mobility Division acted arbitrarily and capriciously in processing Kurian's withdrawal request and dismissing Environmentel's consummation notification.

We determine that Environmentel waived its right to raise the *ex parte* and public notice issues because it failed to raise those issues before the full Commission, and the FCC, through the Mobility Division, acted neither arbitrarily nor capriciously in processing Kurian's withdrawal request and dismissing

Environmentel's consummation notification.

### **Waiver of *Ex Parte* and Public Notice Issues**

Environmentel raises one argument here—the *ex parte* issue—that it raised in its petition for reconsideration to the Wireless Bureau, but not in its application for review to the full Commission. It raises another argument—the public notice issue—that it never raised before either the Wireless Bureau or the Commission. In response to the FCC's argument that Environmentel waived both arguments, Environmentel does not contend it preserved the public notice issue, but does maintain it preserved the *ex parte* issue on two primary grounds. First, Environmentel argues it only needed to raise the *ex parte* issue before *either* the Wireless Bureau *or* the FCC, but not both, to preserve it for this Court's review. Second, the FCC, Environmentel urges, "expressly acknowledged" the *ex parte* issue when it stated in its Order, "Environmentel filed petitions for reconsideration. . . . It argued that the withdrawal request was procedurally defective, and that the Division erred in processing it because the transaction had been consummated . . . ." FCC Order at 13864. Neither of these arguments are persuasive.

The Federal Communications Act (codified at 47 U.S.C. § 151 *et seq.*) and Commission rules establish two complementary review procedures to ensure parties exhaust their administrative remedies before appealing to this Court. The original deciding body may hear "petitions for reconsideration." The full FCC may consider "applications for review." Under 47 U.S.C. § 405(a),

> [a]fter an order, decision, report, or action has been made or taken in any proceeding by the Commission, or by any designated authority within the Commission pursuant to a

delegation under section 155(c)(1) of this title, any party thereto, or any other person aggrieved or whose interests are adversely affected thereby, may petition for reconsideration only to the authority making or taking the order, decision, report, or action.

The filing of a petition for reconsideration "shall not be a condition precedent to judicial review of any such order, decision, report, or action" except when the party seeking review was not a party in the original proceeding or "relies on questions of fact or law upon which the Commission, or designated authority within the Commission, has been afforded no opportunity to pass."  47 U.S.C. § 405(a)(1)-(2).  Thus, the statute requires at the very least that any argument to be made before this Court must have been raised either to the full Commission or the designated authority.

On the other hand, applications for review are designed to ensure that if a delegated authority, such as the Wireless Bureau, renders a decision, the Commission itself has the opportunity to review the decision before this Court considers  it.  The FCC Rules provide that "[a]ny person aggrieved by any action taken pursuant to delegated authority may file an application requesting review of that action by the Commission."  "The filing of an application for review shall be a condition precedent to judicial review of any action taken pursuant to delegated authority."  FCC Rules § 1.115(a), (k) (47 C.F.R. § 1.115(a), (k)). This rule prevents a party from appealing directly to this Court from a decision made by a delegated authority.

Under these two provisions, the full FCC must have the opportunity to review all cases and all aspects of those cases before parties may exercise their statutory right to appeal to this Court under 47 U.S.C. § 402(b) (providing that "[a]ppeals may be taken from decisions and orders of the Commission to the United States Court of Appeals for the District of Columbia" in

ten categories of cases).

Here, Environmentel never presented its public notice argument to either the Wireless Bureau or the FCC prior to raising it in this Court. Although it did present its *ex parte* argument to the Wireless Bureau, it never raised it before the FCC. As the statutes and rules discussed above demonstrate, however, raising an issue before a designated authority is not enough to preserve it for review before this Court; a party must raise the issue before the Commission as a whole, which Environmentel did not do here.

Environmentel's second contention, that the FCC actually did consider the *ex parte* issue, also lacks merit. The FCC mentioned in its summary of the proceedings before the Wireless Bureau that Environmentel had argued that Kurian's withdrawal request was "procedurally defective." This Court has held that "[t]he mere fact that the Commission discusses an issue does not mean that it was provided a meaningful 'opportunity to pass' on the issue." *Bartholdi Cable Co. v. FCC*, 114 F.3d 274, 280 (D.C. Cir. 1997). The FCC's passing reference to procedural deficiencies hardly qualifies as "a meaningful opportunity to pass on the issue" of inappropriate *ex parte* communication.

While *Bartholdi* itself relied on § 405(a), we find a more direct statement of the applicable requirement to preservation of an issue in 47 C.F.R. § 1.115. That regulation requires that applications to the Commission for a review of delegated authorities "shall concisely and plainly state the questions presented for review." 47 C.F.R. § 1.115(b)(1). The Supreme Court has recognized similar language as establishing an issue exhaustion requirement. *Sims v. Apfel*, 530 U.S. 103, 108 (2000) (discussing 20 C.F.R. § 802.211(a) (1999), which specified "petitioner shall submit a petition for review to the [Benefits Review] Board which lists the specific issues to be

considered on [agency] appeal . . . .").

We conclude that Environmentel waived its arguments regarding the *ex parte* issue and public notice issue.

**Arbitrary and Capricious Review**

Environmentel maintains that the FCC, through the Wireless Bureau, acted arbitrarily and capriciously when it accepted Kurian's withdrawal request and dismissed Environmentel's consummation notification. When assessing the reasonableness of the FCC's decision, the Administrative Procedure Act requires this Court to affirm the decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "Nevertheless," this Court must look to whether "the agency examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (citation and internal quotation marks omitted). The Commission enjoys broad latitude to establish its own procedures, *FCC v. Pottsville Broad. Co.*, 309 U.S. 134, 138 (1940), but it also must comply with its own regulations. *See Army & Air Force Exch. Serv. v. Sheehan*, 456 U.S. 728, 733 (1982).

Environmentel's argument boils down to the contention that because Environmentel had told the FCC it planned to file its notification of consummation "soon," per Havens's e-mail with the FCC on October 17, 2007, the FCC should have disregarded Kurian's request to withdraw the assignment application, filed October 12, 2007. But the FCC did not have any responsibility to investigate circumstances surrounding the assignment application beyond reviewing the documents formally filed with the FCC. Moreover, FCC regulations provide that once an assignment application has been filed, the proposed assignor may

request withdrawal of that application. Upon the applicant's request, the regulations mandate that "the Commission *will* dismiss that application." 47 C.F.R. § 1.934(a)(1) (emphasis added). The Mobility Division properly complied with this regulation by dismissing Kurian's assignment application upon his request.

Although the above reasoning disposes of Environmentel's challenge to the Mobility Division's determinations, we address below Environmentel's main arguments on this point for completeness.

Environmentel first argues that when a withdrawal request is opposed, "it must be supported by facts which *prima facie* support such a withdrawal request," and Kurian's withdrawal request was not supported by any facts. Brief for Appellant at 22. Environmentel, however, cites no authority for the proposition that a withdrawal request must be supported by facts, and this Court has found no such authority. The FCC had no reason to require Kurian to support his withdrawal request with facts.

Next, Environmentel attempts to distinguish the two authorities the FCC relied on to refrain from determining the Environmentel-Kurian dispute on the grounds that the dispute is a private contractual matter. The Supreme Court and this Circuit have held that the FCC does not have authority "to determine the validity of contracts between licensees and others." *Regents v. Carroll*, 338 U.S. 586, 602 (1950); *Listeners' Guild, Inc. v. FCC*, 813 F.2d 465 (D.C. Cir. 1987). Environmentel argues it did not ask the FCC to determine the validity of its contract with Kurian because there is no question as to its validity. That, in fact, is exactly what Environmentel asked of the FCC. Environmentel itself explains that "once the Withdrawal Request was approved, [Environmentel's] only recourse to preserve its contractual rights would be to file a specific performance suit and then (only after

obtaining a favorable result in such a suit), commencing the license assignment review process anew before the Wireless Bureau." Brief for Appellant at 32. Environmentel explicitly admits that it wants the FCC and this Court "to preserve its contractual rights." Whether consummation actually occurred prior to Kurian's request for withdrawal, and if so, whether the contract should be enforced, are matters for a state court's review.

Environmentel contends the FCC should have acted under one of its exceptions to its general rule that it does not interject itself into contractual disputes. One such exception arises when a party violates one of the Commission's rules. *See In re Pappammal Kurian*, 25 FCC Rcd. 3686, 3687 (Mobility Div. 2010) ("[T]he Commission has a long-standing policy of not interfering in private contractual matters absent a showing of a violation of a Commission rule or a federal statute . . . ."). Here, Environmentel argues Kurian violated Commission *ex parte* rules. As discussed above, Environmentel has waived any argument relating to *ex parte* communications.

Finally, Environmentel argues the FCC should invoke its "exception" to its general rule to refrain from determining contract disputes based on spurious allegations that Kurian lacked candor when he filed his withdrawal request. Environmentel infers this "exception" to the general rule from inapposite cases in which the FCC invalidated assignments because it discovered a purported assignee had no authority to execute the assignment. *See, e.g., In re Pac. Wireless Tech, Inc.*, 18 FCC Rcd. 7833 (Wireless Bureau 2003). Here, there was no question Kurian had authority to assign a portion of the AMTS spectrum or to withdraw his assignment application. Nor was there any question regarding Kurian's candor before the FCC. Environmentel suggests the FCC doubted Kurian's candor by pointing to the FCC's query regarding whether the withdrawal request was legitimate. A review of the full e-mail clearly

demonstrates, however, that the FCC's concern stemmed from its knowledge that Kurian's ex-wife possessed Kurian's ULS password, not from reservations about Kurian's honesty.

This Court concludes the Mobility Division acted according to Commission rules in accepting Kurian's request to withdraw the assignment application and dismiss Environmentel's notification of consummation.

### III. Conclusion

For the reasons set forth above, we *affirm* the FCC's order affirming the Wireless Bureau's orders granting Kurian's assignment application withdrawal request and dismissing Environmentel's notification of consummation.

*So ordered.*